PER CURIAM.
This is an appeal from a final order of the Department of Transportation (DOT), which, among other things, approved a recommended order that had denied appellant’s motion to release its impounded vehicle. The vehicle was impounded after appellant, H. B. Walker, Inc., refused to pay certain penalties imposed when it failed to cure specified record-keeping violations found during DOT’s terminal audit of appellant’s trucking facility. In its appeal, Walker raises the following questions: (1) whether DOT has statutory authority to impound a motor vehicle for failure to pay a civil penalty in connection with a motor carrier terminal audit; (2) whether DOT has statutory authority to impound a motor vehicle for failure to pay a civil penalty involving a motor carrier terminal audit during the pendency of administrative proceedings pursuant to section 120.57(1), Florida Statutes, and prior to ren *791 dition of a final order in those proceedings; and (3) what is the appropriate remedy for the unlawful taking of Walker’s vehicle? We affirm as to all three issues.
The central question to be decided is whether section 316.3025(4), Florida Statutes (1995), authorizes DOT to impound vehicles based on a violator’s refusal to pay penalties imposed for violations of record-keeping regulations uncovered during terminal audits. Subsection (4) provides:
Whenever any person or motor carrier as defined in chapter 320 violates the provisions of this section and becomes indebted to the state because of such violation and refuses to pay the appropriate penalty, the penalty becomes a lien upon the property including the motor vehicles of such person or motor carrier and may be foreclosed by the state in a civil action in any court of this state. It shall be presumed that the owner of the motor vehicle is liable for the sum, and the vehicle may be detained or impounded until the penalty is paid.
Walker argues that the above provisions have no application to record-keeping infractions resulting from terminal audits, by reason of the language therein referring to violations of “the provisions of this section.” We cannot agree. Although the bulk of section 316.3025, which is entitled “penalties,” involves violations arising from “out-of-service” vehicles and drivers, subsection 316.3025(3)(e) explicitly provides a penalty for “violations found in the conduct of terminal audits pursuant to s. 316.302(5).” Thus, subsection (4) does authorize impoundment of vehicles for violations found during a terminal audit, as here. We therefore affirm as to the first issue.
We also reject Walker’s next argument, urging that DOT has no authority to impound a motor vehicle before the close of an administrative proceeding. Walker contends under this point that it was entitled to a formal hearing to determine the propriety of the penalties assessed, and that once it had requested a formal hearing on the penalties, the issue was not mature for final agency action until a final order had been issued following the formal hearing. We agree, with DOT that this issue is controlled by Youngblood v. Darby, 58 So.2d 315 (Fla.1952), which upheld the predecessor statute to section 316.3025 and found that providing a post-seizure hearing does not offend due process considerations. DOT’S long-standing interpretation of section 316.3025(4) is consistent with the current statutory language.
Because appellant’s third issue assumes the illegality of the impoundment of its motor vehicle, and, as we have already held the impoundment is not illegal, this point is rendered moot.
The order appealed is in all respects AFFIRMED.
ERVIN, KAHN and DAVIS, JJ., concur.